United States District Court
Southern District of Texas
**ENTERED**
July 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| INAUDIS IBARRA-LARDUET, | § | CIVIL ACTION NUMBER |
| Petitioner, | § | 4:26-cv-05061 |
| | § | |
| | § | |
| versus | § | |
| | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| MARTIN FRINK, *et al*, | § | |
| Respondents. | § | |

**ORDER ON DISMISSAL**

Petitioner Inaudis Ibarra-Larduet filed a petition for writ of *habeas corpus* under 28 USC §2241 on June 25, 2006. Dkt 1. He acknowledges illegal entry on a prior date but alleges that he has been detained for over a year while the Government has made multiple unsuccessful attempts to remove him. Id at 6, 9. He asserts that his present detention is unlawful as a violation of the Due Process Clause of the Fifth Amendment. Ibid. He also asserts that his preexisting serious health conditions aren't being properly treated. Id at 6, 10.

The Government was ordered to show cause as to the legal basis for Petitioner's continued detention. Dkt 4.

Pending is a motion by the Government for summary judgment, supported by multiple documents. Dkt 8. It states that Petitioner is currently detained under 8 USC §1231(a) and is still within the six-month presumptively constitutional period set out in *Zadvydas v Davis*, 533 US 678 (2001). Id at 4–7.

*As to the claim of likelihood of removal,* the Supreme Court interprets §1231(a)(6) to limit post-removal-order detention to the period "reasonably necessary to bring about the alien's removal from the United States." *Zadvydas*, 533 US at 689. And it holds in that regard that

post-removal-period detention for six months is "presumptively reasonable." Id at 701. It further holds that, after such six-month period, "once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Ibid

Documents filed in this action show that Petitioner's removal order became final no earlier than March 13, 2026. Dkt 8-1 at 17–19. The removal order thus became final fewer than 180 days before the filing of the petition in this action and so falls within the presumptively constitutional period of *Zadvydas*. This forecloses any due process arguments under the Fifth Amendment at this time.

*As to claims regarding medical care,* they aren't properly raised in this *habeas corpus* action. *Solano-Hurtado v Garcia*, 2026 WL 916966, *3 (SD Tex): "Conditions-of-confinement claims improperly raised in a *habeas corpus* petition must be dismissed for lack of jurisdiction." Any such claims must instead be raised in a civil rights action. See *Melot v Bergami*, 970 F3d 596, 599 (5th Cir 2020).

In a supplemental pleading, Petitioner relies on the Fifth Circuit's recent panel decision in *Sosnava Rodriguez v Ortega*, 2026 WL 1906557 (5th Cir), to contend that his continued detention violates due process. Dkt 7 at 2. That decision addressed the constitutionality of detention under §1225(b)(2)(A). Ibid. With reference to limitations imposed by the Due Process Clause, the decision held that the Government may detain individuals under the subject statute "for ninety days but no longer without a bond hearing," and that "at the hearing, the Government must articulate an individualized justification for further detention without bond." Id at *16. But on July 10, 2026, the Fifth Circuit vacated that decision pending rehearing *en banc*. See *Sosnava Rodriguez v Ortega*, 2026 WL 2014647, *1 (5th Cir). This means that the panel opinion is currently "of no precedential value." *Comer v Murphy Oil USA, Inc*, 718 F3d 460, 468 (5th Cir 2013). As such, even if

Petitioner were detained under §1225(b)(2)(A), the vacatur of the panel decision would preclude *habeas* relief on that basis at this time.

* * *

The motion by the Government for summary judgment is GRANTED. Dkt 8.

The petition for writ of *habeas corpus* by Petitioner Inaudis Ibarra-Larduet is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on July 24, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge